UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| COREY J. THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00433-JMS-MJD |
| | ) | |
| T.J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Corey Thomas, an inmate at the United States Penitentiary in Terre Haute, Indiana, seeks a writ of habeas corpus challenging his federal convictions and sentences. As explained below, Mr. Thomas has not shown his entitlement to habeas corpus relief, and his petition is denied.

**I. Factual and Procedural Background**

Mr. Thomas was convicted by a jury in the Western District of Wisconsin of Conspiracy to Commit Armed Bank Robbery, in violation of 18 U.S.C. § 2113 and 18 U.S.C. § 371, Armed Bank Robbery, in violation of 18 U.S.C. § 2113, and Use of a Firearm During the Commission of a Crime of Violence, in violation of 18 U.S.C. § 924(c). *United States v. Thomas*, 3:08-cr-87-bbc (W.D. Wis. May 22, 2009) ("Cr. Dkt.") Dkt. 313.

A presentence report ("PSR") was prepared for sentencing, using the November 2008 sentencing guidelines manual. Dkt. 13. Mr. Thomas's base offense level was found to be 20, pursuant to U.S.S.G. § 2B3.1(a); two levels were added pursuant to U.S.S.G. § 2B3.1(b)(1) because the property of a financial institution was taken; two levels were added pursuant to U.S.S.G.

1

§ 2B3.1(b)(7)(C) because the financial loss was more than $50,000 but not more than $250,000, which provided for an offense level of 24. *Id.* ¶¶ 66-76.

Mr. Thomas was also found to be a career offender under the sentencing guidelines. That increased his total offense level to 34, pursuant to U.S.S.G. § 4B1.1(b). *Id.* ¶ 77.

Mr. Thomas's prior convictions supporting his career offender status included:

1. 2007 False Imprisonment (Count 1) and Substantial Battery – Intend Bodily Harm (Count 3), Dane County Circuit Court, Madison, Wisconsin, Case No. 07CF000080. *Id.* ¶ 96;

2. 2007 Substantial Battery – Intend Bodily Harm, Dane County Circuit Court, Madison, Wisconsin, Case No. 07CF000704. *Id.* ¶ 98; and

3. 2007 Possession with Intent to Distribute Marijuana, Dane County Circuit Court, Madison, Wisconsin, Case No. 07CF001299 *Id.* ¶ 100.

*See* Cr. Dkt. 336 p. 20 (sentencing transcript). Mr. Thomas was found to have a criminal history category of VI. Dkt. 13 ¶ 105. Thus, his advisory guideline imprisonment range was 262 to 327 months. *Id.* ¶ 143. But, when factoring in Count 4, which provided for an imprisonment range of 360 months to life, pursuant to U.S.S.G. § 4B1.1(c)(3), *id.* ¶ 79, the guideline range became 360 months to life imprisonment. *Id.* ¶ 144.

Mr. Thomas was sentenced to 348 months' imprisonment. Cr. Dkt. 313.

Mr. Thomas appealed. *United States v. Beck*, 625 F.3d 410 (7th Cir. 2010). The Seventh Circuit affirmed. *Id.* at 422.

On May 17, 2011, and August 22, 2011, Mr. Thomas filed a motion for a new trial, which was denied. Crim. Dkt. 429, 440, 445. Mr. Thomas appealed, and the Seventh Circuit affirmed. *United States v. Thomas*, 492 F. App'x 690 (7th Cir. 2012).

On April 11, 2012, Mr. Thomas filed a motion to vacate under 28 U.S.C. § 2255. Cr. Dkt. 463. The district court denied the motion but issued a certificate of appealability. *Thomas v. United*

*States*, 3:12-cv-269-bbc ("Civ. Dkt.") Dkt. 22. The Seventh Circuit affirmed. *Thomas v. United States*, 530 F. App'x 584 (7th Cir. 2013).

On February 11, 2014, Mr. Thomas filed a Rule 60(b) motion, which the district court construed as a § 2255 motion and dismissed for lack of jurisdiction. Civ. Dkt. 31, 32. The Seventh Circuit denied a certificate of appealability. *Thomas v. United States*, No. 14-1517 (7th Cir. July 29, 2014).

On October 9, 2014, Mr. Thomas filed a motion for modification of his sentence under 18 U.S.C. § 3582 arguing he did not have enough predicate offenses to support the career-offender enhancement. Cr. Dkt. 488. The district court dismissed the motion as a mislabeled § 2255. Cr. Dkt. 490. Mr. Thomas did not appeal.

Mr. Thomas then filed five applications seeking leave to file successive § 2255 motions claiming he did not have the predicate prior convictions needed to support a career-offender enhancement. The Seventh Circuit denied each application. *Thomas v. United States*, No. 15-2041 (7th Cir. 2015); No. 15-3010 (7th Cir. 2015); No. 16-1917 (7th Cir. 2016); No. 16-3955 (7th Cir. 2016); and No. 17-2356 (7th Cir. 2017). The Seventh Circuit warned Mr. Thomas that continued frivolous filings would result in sanctions. *See* No. 17-2356, Dkt. 2.

On October 30, 2017, Mr. Thomas filed a petition for writ of mandamus in the Seventh Circuit. *Thomas v. United States*, No. 17-3253 (7th Cir. 2017). The Seventh Circuit denied Mr. Thomas's petition and imposed a $500 sanction for continued frivolous filings. *Id*. In 2019, Mr. Thomas paid the sanction. *Id*. at 9, 10, 11.

## II. Section 2241 Standards

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862

(7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313. Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

*In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir.

4

2013); *see also Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions and holding that relitigation under § 2241 of a contention that was resolved in a proceeding under § 2255 is prohibited unless the law changed after the initial collateral review).

### III. Discussion

In support of his § 2241 motion, Mr. Thomas argues that the career offender enhancement no longer applies to him because, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), his conviction for possession with intent to distribute marijuana does not qualify as a controlled substance offense supporting the career offender enhancement under the guidelines.

The parties do not dispute that Mr. Thomas has met the first two requirements to bring a § 2241 petition.[1] But the parties disagree whether Mr. Thomas's petition satisfies the third requirement for relief under § 2241 – that the error is grave enough to be a miscarriage of justice. The respondent argues that there was no error in sentencing Mr. Thomas. The respondent further argues that even if there were an error in sentencing Mr. Thomas, there was no miscarriage of justice because he was sentenced under the advisory sentencing guidelines.

First, the respondent argues that there was no error in sentencing Mr. Thomas because he had two convictions for a "crime of violence" under the guidelines.

Section 4B1.1 of the sentencing guidelines provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled

---

[1] First, *Mathis* is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (Because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."); *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016) ("*Mathis* is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."). In addition, the petition also meets the second requirement because *Mathis* is retroactive. *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) ("[S]ubstantive decisions such as *Mathis* presumptively apply retroactively on collateral review.").

5

> substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Because Mr. Thomas had two convictions for substantial battery under Wisconsin law, which qualify as crimes of violence, *Thomas v. United States*, No. 15-3010 (7th Cir. Oct. 13, 2015), he has sufficient convictions to support the career offender enhancement even if his conviction for possession with intent to distribute marijuana is not considered.

Mr. Thomas argues that he was not sentenced on one of the substantial battery convictions, but instead was sentenced on the false imprisonment charge he was convicted of the same day. But the district court found that both of these offenses qualified as crimes of violence. Cr. Dkt. 336 p. 20. Mr. Thomas has not shown that he was not sentenced for substantial battery or that, even if he was not, his conviction of this crime is insufficient to make it a crime of violence under the guidelines. He also argues that his career offender enhancement was changed by the appellate court. In denying one of his requests for authorization to file a second or successive § 2255 motion, the Court of Appeals stated: "Thomas was not sentenced under the residual clause of the career-offender guideline. He has one qualifying drug offense and a conviction for substantial battery in Wisconsin, which qualifies as a crime of violence…" No. 15-3010 (7th Cir. Oct. 13, 2015). But this statement by the Court of Appeals does not amount to a rejection of treating both of his substantial battery convictions as crimes of violence for purposes of the career offender enhancement.

In short, Mr. Thomas has two convictions for a crime of violence. This is enough to support the career offender enhancement. He therefore has failed to show that he is entitled to relief in this petition for a writ of habeas corpus based on his argument that his conviction for possession with intent to distribute marijuana does not qualify as a crime of violence.

## IV. Conclusion

For the foregoing reasons, Corey Thomas has failed to show his entitlement to relief under § 2241. His petition for a writ of habeas corpus is therefore **dismissed with prejudice** pursuant to 28 U.S.C. § 2255(e). *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017). Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/21/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

COREY J. THOMAS
06691-090
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov